FILED

2013 JAN 22 PM 2:30

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
TOLEDO

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| Akram K. Geelani<br>2727 Bryn Mawr Drive<br>Toledo, OH 43606<br><br>    Plaintiff,<br>vs.<br><br>Summit Academy Management<br>2791 Mogadore Road<br>Akron, OH 44312<br><br>and<br><br>Summit Academy Community School –<br>Toledo<br>1853 South Ave.<br>Toledo, OH 43609<br><br>and<br><br>Johna McClure<br>6515 Brixton Road<br>Maumee, OH 43537<br><br>    Defendants. | Case No. 3:13 C V 0151<br><br>Judge: JUDGE ZOUHARY<br><br>**COMPLAINT**<br><br>MAG. JUDGE ARMSTRONG<br><br>**JURY DEMAND ENDORSED<br>HEREON** |

## JURISDICTION

1. This Court has federal-question jurisdiction under 28 U.S.C. §1331. Federal-question jurisdiction arises pursuant to 42 U.S.C. §2000e.

## VENUE

2. Venue is proper pursuant to 28 U.S.C. §1391, 42 U.S.C. §2000e-5(f)(3), and LR 3.8. The Plaintiff worked in, the wrongful employment practice occurred in, and all the Defendants reside in Lucas county, Ohio.

## FACTUAL BACKGROUND

3. Akram K. Geelani (hereinafter "Plaintiff") is a resident of Lucas county, Ohio.

4. Plaintiff is a naturalized U.S. citizen.

5. Plaintiff is of Arab, middle-eastern birth and ancestry.

6. Defendant Summit Academy Management (hereinafter "Summit Management") is a non-profit, Ohio corporation.

7. Defendant Summit Academy Community School - Toledo (hereinafter "Toledo School") is a non-profit, Ohio corporation operating as a community school under the laws of Ohio.

8. Defendant Johna McClure is the Director of the Toledo School's secondary-school facility in Toledo, and was Plaintiff's immediate supervisor.

9. Summit Management manages numerous community schools throughout Ohio, focusing on special-needs children, grades K through 12, including the Toledo School.

10. Plaintiff worked at the Toledo School's secondary school from approximately August, 2005 until June, 2011, as a Therapeutic Martial Arts instructor.

11. Plaintiff was a capable and dutiful instructor throughout his employment with the Toledo School.

12. During Plaintiff's employment at the Toledo School, he was repeatedly denied privileges the other teachers enjoyed.

13. During Plaintiff's employment, he was repeatedly subjected to heightened and unwarranted scrutiny beyond that which his peers were subjected to.

14. During Plaintiff's employment, his best attempts to fulfill his responsibilities were repeatedly interfered with.

15. During Plaintiff's employment, he endured other hardships that his peers did not.

16. Plaintiff suffered extreme distress under these working conditions.

17. Plaintiff regularly reported these aversive conditions to Summit Management.

18. Plaintiff requested from Summit Management that these conditions be corrected, or that he be transferred to another school.

21. Summit Management assured Plaintiff that the conditions would be corrected, but they never were.

22. In June, 2011, Plaintiff was terminated and his contract for the following year was not renewed under the pretext of the discontinuation of the martial-arts program at the Toledo School.

23. Plaintiff timely filed a complaint, on December 15, 2011, with the Ohio Civil Rights Commission (OCRC) and the Equal Employment Opportunity Commission, alleging national-origin discrimination.

24. During the lengthy investigation, Plaintiff requested and received his "Notice of Right to Sue Letter" (see Exhibit A).

## FIRST CAUSE OF ACTION

EMPLOYMENT DISCRIMINATION

25. Plaintiff re-alleges paragraphs 1 through 25.

26. Defendants intentionally discriminated against Plaintiff, and knowingly allowed such discrimination to occur, in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e, et seq).

## REQUEST FOR RELIEF

27. Plaintiff requests monetary damages, including back pay, compensatory damages, and punitive damages according to proof adduced at trial, and any other relief, legal or equitable, that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

28. Plaintiff demands a jury trial on all issues raised in this complaint.


Date: January 22, 2013

_____
*Attorney for Plaintiff*

Chris Forejt
1933 W. Alexis Rd., #107
Toledo, OH 43613

(419) 472-4218
hmshood15@bex.net

## CERTIFICATION OF SERVICE of REQUEST TO WAIVE SERVICE OF SUMMONS

I, Chris Forejt, as attorney for Plaintiff, certify that I have served, on all Defendants and their registered agents, a copy of the Complaint, a Request to Waive Service of Summons, a Waiver, and a prepaid means of returning said Waiver in accordance with Federal Rules of Civil Procedure, Rule 4(d) and LR 4.2.

Date: January 22, 2013

*Attorney for Plaintiff*

Chris Forejt
1933 W. Alexis Rd., #107
Toledo, OH  43613

(419) 472-4218
hmshood15@bex.net